Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

Central District of California ▢

_____ _____ Division

Case No. $SA CV20-2105-CJC(ADSx)$

(to be filled in by the Clerk's Office)

HANH THI MY DO

Plaintiff(s)
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

ARCH INSURANCE COMPANY

Defendant(s)
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Jury Trial: *(check one)* ☑ Yes ☐ No

```
          FILED
CLERK, U.S. DISTRICT COURT

      OCT 2 6 2020

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY
```

## COMPLAINT FOR A CIVIL CASE

I.  **The Parties to This Complaint**

   A.  **The Plaintiff(s)**

       Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

       | | |
       |---|---|
       | Name | HANH THI MY DO |
       | Street Address | 324 TANGELO |
       | City and County | IRVINE |
       | State and Zip Code | CA, 92618 |
       | Telephone Number | 949-501-8078 |
       | E-mail Address | godformyhanh9999@gmail.com, myhanh9999@yahoo.com |

   B.  **The Defendant(s)**

       Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

    Name                 ARCH INSURANCE COMPANY

    Job or Title *(if known)*    Arch Insurance Group Inc.,

    Street Address        One Liberty Plaza, 53rd FloorNew York

    City and County      NY 10006, usa

    State and Zip Code

    Telephone Number     T: 1 212 651 6500T: 1 212 271 8350F: 1 212 651 6499

    E-mail Address *(if known)*

Defendant No. 2

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

☑ Federal question        ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
42 U.S.C. § 1981
leads to C.P.L.R. §3211(a)(5)

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

    a.    If the plaintiff is an individual

        The plaintiff, *(name)*   HANH THI MY DO                          , is a citizen of the
        State of *(name)*   CALIFORNIA will diversify to TEXAS        .

    b.    If the plaintiff is a corporation

        The plaintiff, *(name)*                                    , is incorporated
        under the laws of the State of *(name)*
        and has its principal place of business in the State of *(name)*

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

    a.    If the defendant is an individual

        The defendant, *(name)*                                   , is a citizen of
        the State of *(name)*                               . Or is a citizen of
        *(foreign nation)*

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

b.   If the defendant is a corporation

The defendant, *(name)* ARCH INSURANCE COMPANY , is incorporated under the laws of the State of *(name)* NEWYORK and others , and has its principal place of business in the State of *(name)* NEWYORK .

Or is incorporated under the laws of *(foreign nation)* NEW JERSEY, BERMUDA , and has its principal place of business in *(name)* .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.   The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

> 75,000. Similar precedent injured verdict personal injuries damages are 160,000.000

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Defendant Archs have had multiple violations of codes 42 U.S.C. § 1981 leading to C.P.L.R. §3211(a)(5) of plaintiff personal injuries insurance contract payments based on plaintiff's genger, disability, ethnicity, family status, language, race and severity of personal injuries.

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Plaintiff was a victim of a rear ended car accident on 4/13/2015 on freeway 405N leading to t-boned, leading hit to divider; had caused head trauma concusion, multiple spinal fractures, multiple (7) pelvis fractures, Hip garden fractures( required 2 surgeries and future hip replacement), hip tilted causing spinal spaces narrow (twitsted) =preparalysis stage. The policy limit had opened in 10/20/2015 after receiving thousand pages of plaintiff' medical records, they offered 0 dollars and again 11/30/2016: 0 dollars. While they settled large amount with another different race, less severe injured party (who t-boned plaintiff after their insured driver had caused rear ended accident). From that delay and unreasonable payment denial causing more damages for plaintiff's health that can

prevent by proper interventions. The policy limit had demanded in 2015-2020

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          10/20/2020

Signature of Plaintiff

Printed Name of Plaintiff    HANH THI MY DO

### B.    For Attorneys

Date of signing:

Signature of Attorney      WITH MULTIPLE LIMITED SCOPE LAWYERS

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

UNITED STATES DISTRICT COURT

For the

Central District of California

1

2

3

4

5  HANH THI MY DO

6      *Plaintiff*

7

8  Vs

9

10  ARCH INSURANCE

   COMPANY

11      *Defendant*

   Et al and does 1-20

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

) Case:
) Judge: Hon. MARK C SCARSI
) Dept:
)
)COMPLAINT OF PERSONAL
)INJURY CAUSED FROM VEHICLE
)ACCIDENT AND
)1)THE DISCRIMINATION TO PLAINTIFF'S
)GENDER, DISABILITY, ETHNICITY, FAMILY
)          lead to
)2)DEFAMATION OF PLAINTIFF'S SERIOUS
)INJURED BODY FROM DEFENDANT'S )INSURED
CAUSATIVE VEHICLE ACCIDENT
)3)VIRTUAL CYBER/ SERIOUS HIPPA
)UNAUTHORIZATION VILOLATIONS
)4)MISUSING vs MISHANDLING vs MISREPRE
)SENTING THE HIPPA'S VIOLATION
)UNCONFIRMED, UNIDENTIFIED AND
)UNAUTHORIZED DOCUMENTATIONS WITH
)AN INTENTION TO DAMAGE PLAINTIFF'S
)FINANCE LIFETIME DAMAGES, LIFETIME
)INJURED BODILY DAMAGES
)5)CAUSE THE DESTRUCTIVE DAMAGES TO
)LIFETIME FINANCIAL DISABILITY
)SUFFERING. LIFETIME PERSONAL INJURY
)DAMAGES, EMOTIONAL DAMAGES. PHYSICAL
)DAMAGES, LIFETIME MEDICAL TREATMENT
)DAMAGES, COSTS, FEES…Also, HARMS TO
)OTHERS
)6)THIS COMPLAINT IS MADE TO STOP THEIR
)WRONG, UNFAIR, ILLEGAL PRIVACY
)INVASION PRACTICE, AND PROCEED THEIR
)DUTIES OF FAIR COMPENSATION PAYMENTS
)TO PLAINTIFF'S DAMAGES IN THE PAST,
)CURRENT AND FUTURE NOT FROM
) SOMETHING ELSE BUT FOR THE JUSTICE.

- 1 -

1  PLAINTIFF WANT TO THANK THE HONORABLE COURT AND HONORABLE JUDGE HAD
2  ACCEPTED PLAINTIFF'S PLEADING AND COMPLAINT OF THE DEFENDANTS, AND EACH OF
   THEM, AND ALLEGE AS FOLLOWS
3  1. That the true name and capacities, whether individual, corporate, associate, and
4  otherwise, of defendant DOES 1 through DOES 20, inclusive, are unknown to
5  Plaintiffs who therefore sue said Defendants by such fictitious names and will ask
6  leave of court to amend this Complaint to show their true names or capacities
7  when the same has been ascertained. Plaintiffs are informed and believe and
8  thereon allege that each of the Defendants designated herein as a DOE is in some
9  Manner responsible for the events and happenings herein referred to and
10 negligently caused injury and damage proximately thereby to the Plaintiffs as
11 herein alleged.
12 THE PARTIES
13 1. Plaintiff (hereinafter sometimes referred to as "Plaintiff") is and was at all times
   Relevant hereto, a resident and citizen of the United State, reside in California but
14 will move to Texas. This law suit's complaint to defendant Arch Insurance
15 Company located in Newyork - Newjersey of how they handle the insurance
16 payment under discrimination relate to their insured driver had caused the rear
17 ended car accident in California 4/13/2015 to plaintiff, the defendant Arch 's
18 policy already opened and acknowledged legally by the release for the driver.
19 2. Plaintiff (hereinafter sometimes referred to as "Plaintiff") is and was at all times
20 relevant hereto, a resident and citizen the United States of America, California
21 and will move to Texas.
22 3. Defendant Arch Insurance Company DOES 1, Inc. (hereinafter sometimes
23 referred to as "Defendant Arch or DOES 1") is and was at all times relevant
24 hereto, an New Jersey corporation, having its principal place and active insurance
25 Business in NewYork
26 4. The true names and capacities, whether individual, corporate, associate, or
27 otherwise, of Defendants Does 1 through 50 and Roe Corporations 1 through 50,
28 including without limitation, any employer, franchisor, or owner d/b/a thereof,
   not currently known and therefore not yet named herein, are unknown to

-2-

1   Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is

2   informed and believes, and therefore alleges, that each of the Defendants

3   designated as Doe Defendants or Roe Corporations is responsible in some manner

4   for the events and occurrences referred to in this Complaint, and/or owes finance

5   responsibilities to Plaintiff and/or may be affiliated with Congregation.

6        Plaintiff will ask leave of the Court to amend this Complaint and insert the

7   true names and capacities of Doe Defendants 1 through 50 and Roe Corporations

8   1 through 50 when the same have been ascertained and to join said Defendants in

9   this action.

10   5. The underlying accident's health damages and later complications causing from

11   their discrimination action of their non-payment which is the subject matter of

12   this lawsuit occurred in Orange County and Riverside, Los Angles, California,

13   and the subject insurance policy was issued by Defendant Arch in Newyork, New

14   Jersey

JURISDICTION AND VENUE

15   1. Plaintiffs incorporate the preceding paragraphs of this Complaint as though

16   said paragraphs were fully set forth at this point herein.

17   2. Venue is proper in this district because the automobile accident that is the

18   subject matter of this lawsuit occurred in Orange County and complications to

19   the bodily injuries happened from Orange County to Riverside/Los Angeles,

20   California. Plaintiff, who was injured in said accident, is residents of Orange

21   County/ will move to Texas and plaintiff's health has been deteriorated from

22   Orange County to Riverside/Los Angeles from their discrimination and

23   eventually will move to Texas. Arch insurance company is in Newyork, new

24   Jersey

25        The endorsed insurance contracts agreement was made by Arch Insurance

26   located in the main office of NewJersey and business office in Newyork so the

27   jurisdiction and venue are properly before this Court.

28                    GENERAL ALLEGATIONS
        *Plaintiff Properly Awarded Summary Judgment in Hit-in-Rear Case*
    *In Urena v. GVC Ltd., 2018 NY Slip Op 02426 (App. Div. 1st Dept. April 10, 2018)*

1. Plaintiffs incorporate the preceding paragraphs of this Complaint as though said paragraphs were fully set forth at this point herein.

2. On April, 13, 2015, while acting admitted 100% within the course and scope of the driver 's employment with Twin Town Treatment Centers/ dba Twin Town corp./ under insurance coverage of Defendant Arch Insurance Company, a Newyork corporation, staff/ agency and/or statutory agency, was driving a vehicle (identified as SUV) under violation code 22350 (police report) caused rear ended accident leading to t-bone impact and hit the divider at high freeway speed

The driver has been released by the agreement with plaintiff the signed remaining liabilities of her extra company's insurance policy was endorsed and accepted and opened directly to the defendant Arch, plaintiff had agreed to release insured driver of the defendant Arch Insurance Company when the insurance of defendant Arch was opened and covered (Vicarious law 3700) and 32 CFR 199.12 – as first also a third beneficiary of the opened policy.

3. At approximately 10:24 a.m. on said date 4/13/2015 the Arch  defendant's insured driver drove the SUV under admitted 100% course and scope for her employer (Twin Town corp.: was insured by the Defendant Arch  for their employee's course and scope), regard to her high risk jobs required to be always on the road side, and high influences.

4. Per police's report, per the driver's statements of admitting 100% police report is accurate; to be released and endorsed the remaining liability to the defendant Arch Insurance Company with the existing policy/ under verification of Mercury insurance's lawyers, and plaintiff had only approved to release the driver when this endorsement to another insurance policy is legally acknowledged and Endorsed legitimately, both parties signed the release for the driver with the valid directly endorsed insurance policy and admitted at fault 100%, under witness of mercury insurance's lawyer.

The defendant Arch  is responsible for the extended liabilities directly to plaintiff's damages per release agreement, as well as plaintiff party is responsible to go after the defendant Arch  to collect the compensation directly (*Vicarious law*

1  *3700) (d)Statutory obligation of third-party payer to pay10 U.S.C. 1095b, even though a*
2  *third-party payer may be primary payer (as specified under § 199.8(c)(2)) Therefore the*
3  *obligation of a third-party payer to pay is to the same extent that the beneficiary would be*
4  *eligible to receive reimbursement or indemnification from the third-party payer if the*
5  *beneficiary were to incur the costs on the beneficiary's own behalf.*
6  **32 CFR 199.12 –Frist/Third party recoveries.**
7          The policy was acknowledged and opened, but the defendant Arch
8  Insurance Company was acting in the discrimination (per lawyer Anh Nguyen,
9  Lawyer Angelo, bad faith action…) the proofs will show in trial causing from
10  their discrimination actions, and delayed the payment caused the destructive
11  consequence to plaintiff's health past, current and future damages as stated below.
12  5. Several seconds after seeing plaintiff's reducing speed and applying the brake to
13  signal to slow as the flow of the traffic and speed, even the Arch  defendant's
14  insured SUVdriver was far controlled distance to be safe to slow under the
15  slowing down traffic flows under physical braking distance. As a result of having
16  negligently failure to have proper outlook, nor keeping proper distance, nor
17  proper speed, failure proper slowing down per traffic flow, neglected maneuver
18  and violently rear struck into Plaintiff's rear right end, pinning and pushing
19  Plaintiff's car to the free way high speed flow, caused another T boned by the
20  flowing high speed lane struck plaintiff's driver seat side, again struck that high
21  force impact to the divider.
22          Especially, the defendant Arch 's insured driver witnessed the whole
23  accident, witnessed those deadly impacts but she failed to call
24  police officer to report the accident, did not provide the accident's information or
25  delay to report about the accidental impacts for the health care providers to
26  provide the full course and appropriate treatments and education to reduce the
27  health's further damages in time.
28  6. Result the rear-ended caused whiplashed impact, Plaintiff's head and neck
   smashed to the car's seat and side. Again, another T-bone from the 3rd party's

truck in high speed struck Plaintiff's car driver side, the enormous force crushed plaintiff's left leg & hip & pelvis and left arm and head caused from the T boned impact, and again the whole injured broken bone body and loosen nerves and ligaments get shaken by another destructive impact to the freeway divider.

7. This continual action rear ended from defendant's driver smashed the plaintiff's neck and head, then the t-boned smashed the femurs in Plaintiff's left legs instantly, damaged and loosen nerves and ligaments and cartilages and broken bones by another destructive divider impact, where she remained pinned for nearly for more than 15 minute until the ambulance came, cut the total loss car and took plaintiff out after an unconscious period (with police report and ambulance records)

8. Plaintiff suffered serious and permanent bodily injuries in this accident.

9. Deposition testimony regarding the horrific nature of plaintiff's injuries has been obtained. the ambulance nurse saw that plaintiff's left leg body entirely smashed between plaintiff's driver seat, and that all he could see was Plaintiff's left thigh should have been extruding and unable to control nor moving the leg, he said that" you definitely have a femur(hip) fractures), whole body was numb and plaintiff was very confused, and Plaintiff left leg were left at unnatural angles away from her body, causing the doctors to question whether plaintiff might never walk again, doctor Peter Hahn (Orthopedic surgeon in UCI) said plaintiff has multiple fractures and required urgent surgeries or plaintiff could never used the left leg again.

10. After the rear ended accident caused from defendant's insurance coverage's driver, admitted 100% at fault, the hearing 4/10 to 4/18 in the superior court of Orange County as plaintiff addressed in the controversial matter is for defendant Arch 's insured employer to admit their fault which later Arch had denied the fault and denied to settle, or settle 0 dollar amount in 11/30/2016 even the policy insurance is valid and plaintiff had suffered a substantive damages required long time recovery and rest to avoid more damages if gaining any activities too soon, and of course, within their responsibility with very low limited policy demands.

(With proof in trial) and defendant Arch already had all plaintiff's medical records.

However, plaintiff's health damaged has not ruled and declared in dollar amounts in any court, as this is the main claim of this complaint

11. Remember that the incident occurred at 10:22 am that morning. Upon admission to the UCI Medical Center emergency room as just dead and awake from multiple fatal impacts, EMT group cut the total lost car's door and pulled plaintiff out of the car, and in spite of the prior treatment by paramedics and others at the hospital facility, orthopedic surgeon John Sclorario, M.D. Peter Han MD and other physicians' initial record observed that Plaintiff's thighs were "misshaped and unable to move the left leg and did not feel anything at the leg and whole pelvis, and that outside radiographs (i.e., ) of the "shattered neck femurs comminuted/ displacement fractures of the left femur respectively"" a lot of fractures in the pelvis, pelvis was broken into 7 parts" left anterior cebular column fracture , parasymphyseal pubic bone fracture, left inferior pubic ramus fracture, right superior public ramus fracture, right superior pubic ramus fracture, left anterior sacral; mishaft femoral artery leading poor blood compromise to the fractured hip area and fractured pelvic. Cutaneous nerves damaged and malfunctioning endlessly.

His recommendation was "urgent fixation of the femur fractures with retrograde intramedullary screws." Plaintiff was then moved into emergency surgery, which took nearly six hours to complete due to the shattered Bones at the neck of the femur, they had to collect piece by piece of bones to put in place and placed 3 screws in (Dr Sonado), as well as the neck fracture had required upcoming surgeries.

14. In sum, the foregoing procedure required for the shattered left hip fracture and the 7 fractures of the pelvic so that long 3 screws 4 inches intramedullary titanium screws could be permanently hammered into his femurs in order to hold the whole left leg and put all the shattered pieces together and secure them in place for healing.

These "screws" are installed after the bone is reamed out in order to allow their insertion, with screws drilled through the hip, in order to hold the whole left leg in place. Plaintiff's life was substantially disrupted by 4 days in emergency room hospitalization, required 1 month in the skilled nursing home to help to sit up or turn side by side because plaintiff don't have any family members nor relatives except plaintiff's teenage daughter to get help of movements, and alternative going home with home care nurses and home care physical therapist and inpatient rehabilitation to teach plaintiff to walk step by step and wound treatments, and later, discharge home to numerous specialist appointments.

She was also required to take serious steroids trigger point injections for pain, epidural injections, and nerves injections to the nerve malfunction aggressively to alleviate the further disabilities and endless excruciating pain from the fractures, deformed skeletal foundation and nerves malfunctioning (RSD)

15. Plaintiff continued to suffer immensely after the accident, initial surgery and hospitalization. We have thousands of pages of medical records related to her treatments. Plaintiff has suffered not only physically from the possible fatal accident required long-term medical cares, but emotionally changes due to the endless pain as well.

As a result of the accident, causing constant pain, and feeling the left leg will come off and the neck will come off one day. All of these records will be provided to you in due course, together with expert witness reports that are currently being prepared in connection with the underlying litigation. After the rear ended accident leading to t-bone and another struck to the divider in 4/13/2015, it was the view of plaintiff's orthopedic surgeon, Dr. Peter Hahn, M.D. Dr. John scolario. M.D, dr Sodano (UCI orthopedics ER) that Plaintiff would need left femoral 3 screw fixation removal as soon as the following January (of 2016) due to pain (a procedure to remove all of the titanium hardware in his hip – which is essentially the exact same procedure required to insert those

- 8 -

1   devices, all performed in reverse, with a slide–hammer required to remove the 3

2   big screws pinched to the hip).

3         Plaintiff in fact received this significant surgical procedure, removing the 3

4   large femoral screws holding them in place as a result of the accident and

5   subsequent medical treatments. Plaintiff's leg and neck and whole body's skeleton

6   continue to be seriously injured. Her treating orthopedic surgeon, Dr. Greg

7   Khounganian , M.D, doctor Vu Le, Dr Sunny Cheung., has already opined that he

8   believes plaintiff's hip will need to have hip replacement at an early age due to the

9   early sign and symptom of pain, joint narrow and bone spur (osteophytes from

10  neck and hip area_Memorial Imagine_2017), likely within the next 5-10 years,

11  with a subsequent to knee, due to Plaintiff's relatively young age and the life

12  expectancy of replacement hip joints and will expect a lot of complications due to

13  the multiple 7 area pelvis fractures compromise the blood supplies to hip

14  connecting to the pelvis, and the scheduled neck disc's replacement due to the

15  discs and cartilages was damaged and worn out by time from the whiplash and t

16  bone of the accident, that is the reason, plaintiff have a lot of pain while walking

17  and the feeling of the leg will come off one day as the neck, plaintiff has not been

18  able prolonged leaning forward to do any basic activities or walking without pain

19  and have to use 90% of time to walk with the crutches or on wheelchair due to the

20  deteriorated walking strength and excruciating pain or keep the neck still.

21  Especially with the neck, and hip having bone spur required surgeries from those

22  loosen ligaments and damaged cartilages.

23         And fusion for lumbar hernia spinal surgeries not in a far future (MRI and

24  doctors confirmation, hernia 3mm L5S1 and other deteriorating area). At this

25  time, plaintiff remains in pain on a daily basis with nerves malfunction

26  excruciating pain(RSD) and continues to suffer from the daily effects of the

27  injuries that resulted from this accident require to insert the stimulator to reduce

28  pain to wait for the future surgeries. In fact, she was back in doctor Greg

Khounganian to treat to alleviate those pains, scheduled neck's spinal surgeries

and placing the stimulator at the left leg as the temporary solution for future hip

replacement and knee problems (Dr Sunny Cheung). Dr Doanh Nguyen gives the injections to the neck's nerve and spinal nerve injections to alleviate the endless excruciating pain of RSD.

The neck fracture had become post trauma kyphosis, another required high risk complex spinal surgeries or plaintiff have to wear spinal braces in a very near future ( spinal segment instability-metal rod placement at the whole spine) to decrease spinal twisted and preparalysis.

1. Plaintiffs currently estimate the future care needs of the Plaintiff over the course of her life expectancy to be in the past

2. While certain adjustments may need to be made to some of these numbers to discount them to present-day values, these estimates conclusively illustrate that Plaintiff has suffered and will continue to suffer medical damages in the range of hundreds of thousands of dollars, in addition to the $ 290,789.00 in past medical bills already incurred. With plaintiff's pain level can only express in the dollars amount is $99,876,675 (but will readjust respectfully per this court's evaluation by the facts with the formula and comparison to other similar precedent injuries verdict of 160,000,000)

3. As a result of the accident with the third-party driver, Plaintiffs settled a related claim with the driver own insurance but it only covered less than 1/3 medical current outstanding past medical bills, and the upcoming huge medical bills for bone surgeries and aggressive pain treatments with a confirmed endorsement the liability to Arch Insurance Company carrier for policy limits and the policy already opened.

4. Following the accident with the defendant insured driver on 100% course and scope and under coverage of the defendant Arch Insurance Company, Plaintiffs demanded an insured policy limit payment from Defendant 2 times but their failure to resolve nor investigate nor settle for having the early treatments or body rest to prevent further damages by their discrimination of failure to pay in time.

5. Defendant refused to make adequate payment to Plaintiffs as was required

under the endorsed Insurance Policy.

6. Defendant's refusal to make adequate payment to Plaintiffs was made without a reasonable basis in fact or law.

7. Defendant's refusal to make adequate payment to Plaintiffs was made in discrimination action and for the purpose of denying the benefits of contract for endorsed liability as the contract to release the driver and the policy already opened.

8. Defendant's refusal to make adequate payment to Plaintiffs was an unlawful attempt to force Plaintiffs to accept less money than the amount due under the Policy or failure to offer any amount as the accident occurred in 4/13/2015 until 11/31/2016 they had offered 0 dollar amount.

9. Defendant Arch Insurance Company owed Plaintiffs the following duties, among others: (a) a duty to honor the Arch Insurance Company contract for the entire policy duration; (b) a duty to conduct a prompt, reasonable and diligent investigation of the facts of the case to determine the validity of the claims made by Plaintiffs (c) a duty to evaluate the Plaintiffs' claims fairly but fraudulently; (d) a duty to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim where liability is reasonably clear; (e) a duty to act promptly and reasonably in settling the claim; (f) a duty not to reject a reasonable and fair offer of settlement; (g) a duty not to put its insured's through unnecessary litigation; (h) a duty not to put its insured's' assets at risk; (i) a duty to refrain from actions that would injure the Plaintiffs' insured ability to obtain the benefits of the insurance contract; and (j) a duty of good faith and fair dealing.

10. Upon information and belief, the Plaintiffs allege that Defendant Arch Insurance Company breached its duties owed to Plaintiffs by, among other things: (a) failing to honor the agreed and direct endorsed insurance contract; (b) failing to conduct a prompt, reasonable and diligent investigation of the claims ; (c) failing to evaluate the claim fairly; (d) failing to tender the claims; (e) failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim; (f) not making any reasonable settlement offers to offer the claims; (g)

failing to accept reasonable and fair offers of settlement; (h) putting its insured, Plaintiffs herein, through unnecessary litigation; (i) putting its insureds' personal assets at risk; and (j) failing to pay any reasonable portion of the insurance coverage to Plaintiffs herein by their discrimination.

11. As a direct and approximate result of Arch Insurance Company's breaches of its duties that it owed to its insured by discrimination, the Plaintiffs herein, Plaintiffs have been deprived of the benefits to which they were entitled and for which they bargained in the insurance contract, and were forced to incur expenses to obtain the benefits to which they were otherwise entitled and Plaintiffs have otherwise been damaged in amounts to be determined at trial.

12. Defendant's actions herein constitute discrimination action insurance practices.

13. The Court should enter a declaratory judgment, that Defendant must pay its policy limits to plaintiffs herein and further damages of delaying the payments, in order to satisfy the damages sustained by Plaintiffs in the underlying accident.

14. Plaintiffs have been required to engage the services of attorneys, and, accordingly, have incurred attorneys' fees and costs to bring this action.

FIRST CAUSE OF ACTION

(Breach of Contract 3211 (A)(5)) by discrimination 42 u.s.c, 1981

DISCRIMINATION TO PLAINTIFF'S GENDER, DISABILITY, ETHNICITY, FAMILY STATUS, RACE

Plaintiff's gender: female

Plaintiff's ethnicity: Vietnamese

Plaintiff family status: single mom with teenage high school (vulnerable group) with no family member to help for any activities post-accident

Race: Asian

Allegation: the same accident, the same victimized causative accident (the defendant's driver admitted 100% at fault from the accident, same legal handling process) defendant had settled large amount the claim with a Caucasian male (whom t boned plaintiff) less serious injuries or future long term health issue than

1  plaintiff.

2  Seriously, they denied to settle plaintiff's claim and firmly offered 0 dollars

3  amount in 11/30/2016

4  The same peer compares only 1/3 hip fracture) to plaintiff's injured bodily

5  severity damages get at least >4million compensation ( not wage included) while

6  defendant had offered plaintiff nothing when they understand rear ended on the

7  freeway is 100% at fault due to the physics mechanism law of motion. They had

8  discriminated the rear ended accident supreme court's approved summary

9  judgment of facie prima of rear ended accident is the behind driver is always 100%

10  at fault, but defendant still said the law of physics mechanism motion of 2 states

11  are different(???)

12                          SECOND CAUSE OF ACTION

13                          (Slander pe se- civil code 46)

DEFAMATION OF PLAINTIFF'S SERIOUS INJURED BODY FROM DEFENDANT'S CAUSATIVE
14  ACTION

15  Plaintiff is informed and believes that on 4/18/2017during and after the hearing

16  4/18/2017 and several occations interacting with plaintiff's prospective lawyers.

17  Defendant had made said statement in person" she wanted to gain financially by

18  this way…".." fake. Fraudulent injuries" at the post court's 4/18/2017 hearings

19  (Linh Khanh Huynh witnessed and the whole court)

20  …..they had told plaintiff other prospective lawyers and others that plaintiff had

21  fraudulent fractured injuries. This is a very extreme serious defamation from a

22  very serious accident, caused very serious fatal injuries, that the fault was caused

23  100% from the defendant. That is violated the laws, damaged plaintiff's dignity

24  and harden plaintiff's injuries and the real fact of the accident which is undeniable

25  from the defendant's driver (vicarious law 3700)

26  Damage inquiry: continue this court case to gather all official evidence and

27  appropriate testimony to compensate to full total damages.

                          THIRD CAUSE OF ACTION

28                VIRTUAL CYBER/SERIOUS HIPPA UNAUTHORIZATION VIOLATIONS

                Plaintiff never sign any Hippa release to the defendant except plaintiff's

                          - 13 -

LIFETIME MEDICAL TREATMENT DAMAGES, COSTS, FEES…Also, HARMS TO OTHERS

1. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs of this complaint as though said paragraphs were fully set forth herein.

2. There is a valid and existing insurance agreement between Plaintiffs and Defendant.

3. The hearings court 4/10 to 4/18 was solely focusing on whether or not Twin Town Treatment/Twin Town Corp contracted with Arch Insurance Company is responsible for plaintiff's injuries. This is the main claim for this complaint for their discrimination leading to plaintiff's extended injuries and another 55 years

4. Plaintiffs performed or were excused from performance under the agreement.

5. Defendant breached the agreement by, inter alia, refusing to compensate Plaintiffs properly by their discrimination

6. Plaintiffs sustained damages in excess of the Arch Insurance Company policy limits as a result of defendant's breach of the agreement by their discrimination.

7. Plaintiffs have been required to retain the services of an attorney to commence this action and are entitled to attorney's fees and costs.

SIXTH CAUSE OF ACTION

(Contractual Breach of the Implied Covenant of Good Faith and Fair Dealing by their discrimination)

1. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs of this complaint as though said paragraphs were fully set forth herein.

2. The hearings court 4/10/17 to 4/18/17 was focusing on whether Twin Town Treatment/ Twin Town Corp contracted with Arch Insurance Company is responsible for plaintiff's injuries.

3. There is implied in every contract a covenant of good faith and fair dealing.

4. Plaintiffs and Defendant entered into a valid and existing insurance endorsement agreement.

5. Defendant owed Plaintiffs a duty of good faith and fair dealing.

6. Defendant breached its duty of good faith and fair dealing by, inter alia, refusing to properly compensate Plaintiffs by their discrimination.

7. Plaintiffs sustained damages in excess of the insurance coverage policy limits as a result of defendant's breach of the implied covenant of good faith and fair dealing.

8. Plaintiffs have been required to retain the services of an attorney to commence this action and are entitled to future attorney's fees and costs.

SEVENTH CAUSE OF ACTION

(Tortuous Breach of the Implied Covenant of Good Faith and Fair Dealing by their discrimination)

1. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs of this complaint as though said paragraphs were fully set forth herein.

2. The appraisal of plaintiff's bodily injuries had never been ruled in verdict, nor appraised, nor established yet. And this is a main complaint in this court case to request their payment and punitive damages.

3. There implied in every contract a covenant of good faith and fair dealing, not by discrimination.

4. Plaintiffs and Defendant entered into a valid and existing insurance endorsement agreement which included a Arch Insurance Company's endorsement opened policy agreement.

5. Defendant owed Plaintiffs a duty of good faith and fair dealing.

6. As an insurer, Defendant owed Plaintiffs a fiduciary-like duty and there was a special element of reliance by Plaintiffs.

7. Defendant breached its duty of good faith and fair dealing not by discrimination, inter alia, refusing to properly compensate Plaintiffs for the injuries sustained in the underlying accident caused by Twin Town Treatment centers/Twin Town corp's driver

8. Plaintiffs sustained damages in excess of the insurance coverage's policy limits as a result of defendant's breach of the implied covenant of good faith and fair

dealing and discrimination.

9. Plaintiffs are further entitled to punitive damages as a result of Defendant's breach of the implied covenant of good faith and fair dealing.

10. Plaintiffs have been required to retain the services of an attorney to commence this action and are entitled to attorney's fees and costs.

EIGHTH CAUSE OF ACTION (Discrimination action)

1. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs of this complaint as though said paragraphs were fully set forth herein.

2. The acts and omissions of Defendant as complained of herein, and yet to be discovered in this matter, constitute discrimination action.

4. Plaintiffs sustained damages in excess of the insurance coverage's policy limits as a result of Defendant's discrimination

5. Plaintiffs are further entitled to punitive damages as a result of Defendant's discrimination.

6. Plaintiffs have been required to retain the services of an attorney to commence this action and are entitled to attorney's fees and costs.

NINETH CAUSE OF ACTION (Unfair Trade Practices by discrimination)

1. Plaintiffs repeat and re allege the allegations contained in the preceding paragraphs of this complaint as though said paragraphs were fully set forth herein.

2. Defendant has engaged in unfair trade practices, including Defendant's failure to properly settle Plaintiffs' claim.

3. By discrimination, they had breach the contract of the hearing court 4/10/17 to 4/18/17 was focusing on whether Twin Town Treatment/ Twin Town Corp contracted with Arch Insurance Company is responsible for plaintiff's injuries as the main controversial issues (jury instruction). The appraisal of plaintiff's bodily injuries had never been ruled yet from their discrimination. It is the main claim in this court respectfully.

4. Plaintiffs sustained damages in excess of the insurance's coverage policy limits

as a result of Defendant's unfair trade practices.

5. Plaintiffs are further entitled to punitive damages as a result of Defendant's unfair trade practice.

6. Plaintiffs have been required to retain the services of an attorney to commence this action and are entitled to attorney's fees and costs.

WHEREFORE, Plaintiffs pray for judgment against the above-named

Defendants and each of them, jointly and severally, as follows:

1. For general damages in an amount in excess of the insurance coverage's policy limits;

2. For special damages in an amount in excess of the insurance's coverage policy limits;

3. For punitive damages in an amount to be determined at trial;

4. For reasonable attorney's fees and costs of suit;

5. For interest at the statutory rate; and

WHEREFORE, Plaintiff Hanh Do Thi MY prays for judgment against Defendants, and each of them, as set forth below:

As to the First Cause of Action 1: For actual damages in a sum in excess of the jurisdiction of this court according to proof; 2. For interest as allowed by law; 3. For costs of suit incurred herein; 4.For such other and further relief as the Court deems just and proper. As to the Second Cause of Action 1. For actual damages in a sum in excess of the jurisdiction of this Court according to proof 2. For exemplary damages according to proof; 3. For interest as allowed by law; 4. For costs of suit incurred herein; 5. For such other and further relief as the court deems just and proper.

• Refusing to pay a claim that it owes  by discrimination

• failing to timely pay a claim that it owes by discrimination

• requiring unreasonable or unnecessary paperwork to process your claim

• failing to deny a claim within a reasonable amount of time

• if a claim is denied, failing to explain the reason the claim was denied

• failing to timely settle claims made against you if settlement is appropriate

Consequence

* Economic v. physical harm

* Note that the California Supreme Court concluded that economic harm that causes emotional distress is more reprehensible than mere economic harm.

* Indifference or reckless disregard of health or safety

* Financial vulnerability of the plaintiff: Pattern and practice. Recidivism. Malice, trickery, and

deceit versus "mere" accident, The scale of profitability, Profit motivation,

* Improper insurance claims handling. *(See, e.g., Colonial Life Ins. Co. V. Superior Court, 31 Cal.3d 785, 183 Cal.Rptr. 810 (1982); Moore v. American United Ins. Co., 150 Cal.App.3d 610,197 (1984).)*

*That the insurance company's withholding of benefits is unreasonable. (See, e.g., Progressive West Ins. Co. v. Yolo County Superior Court (2005) 135 Cal.App.4th 263, 278 [37 Cal.Rptr.3d 434].)*

But to recover punitive damages, a plaintiff must also plead facts that establish that the insurer's conduct was malicious, oppressive or fraudulent. "The same evidence is relevant both to the finding of discrimination action and the imposition of punitive damages, but the conduct required to award punitive damages for the tortuous breach of contract ... is of a different dimension than that required to find discrimination action" al.*App.4th 847, 890 [3 Cal.Rptr.2d 364] (Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc. (2000) 78 C*

• *(Colonial Life & Accident Ins. Co. v. Superior Court (1982) 31 Cal.3d 785 [183 Cal.Rptr. 810]; Moore v. American United Life Insurance Company (1984) 150 Cal.App.3d 610 [197 Cal.Rptr. 878].) In Mock v. Michigan Millers Mut. Ins. Co. (1992) 4 Cal.App.4th 306 [5 Cal.Rtpr.2d 594],*

• To recover for discrimination action damages, Defendant Arch Insurance Company company breached the insurance contract by withholding, delaying or denying benefits in discrimination action. See Jonathan Neil & Asoc.,Inc. v. Jones (2004) 33 Cal. 4th 917. Where a plaintiff proves discrimination action, the

1  measure of damages will be tort damages. The Plaintiff will be entitled to recover

2  for all damage proximately caused by the insurer's discrimination action. *Crisci v.*

3  *Security Ins. Co. of New Haven, Conn. 66 Cal.2d 425, 433, 58 Cal.Rptr 13, 18 (1967).*

4  • The plaintiff is entitled to punitive damages. *Cassim v. Allstate Ins. Co., 33 Cal.4th*

5  *780, 16 Cal.Rptr.3d 374, 392 (2006).*

6  • Under California law, before a plaintiff can recover punitive damages, he must

7  prove, by clear and convincing evidence, fraud, malice or oppression by the

8  defendant as laid out in Civ. Code section 3294(c). Under this clear and

9  convincing evidence standard, there must be a strong probability that the facts

10  giving rise to the fraud, malice or oppression occurred. *Crosky, Heesman*

11  *Popik & Imre, California Practice Guide: Insurance Litigation (Rutter 2012) 13:527.*

12  Officer, director or managing agent "had the requisite advance knowledge and

13  conscious disregard," "authorized or ratified the employee's acts," or acted with

14  oppression, fraud or malice toward the injured party. *Crosky, Heesman Popik &*

15  *Imre, California Practice Guide: Insurance Litigation (Rutter 2011) 13:403.*

16  • Other similar claims and the defendant's response to them; Defendants' written

17  policies and practices, Defendants' unwritten policies and practices

18  • (5) Defendant failed to proceed a fair practice not evaluation but based on:

19  1)THE DISCRIMINATION TO PLAINTIFF'S GENDER, DISABILITY, ETHNICITY THE
DISCRIMINATION TO PLAINTIFF'S GENDER, DISABILITY, ETHNICITY, FAMILY lead to

20  2)DEFAMATION OF PLAINTIFF'S SERIOUS INJURED BODY FROM DEFENDANT'S INSURED

21  CAUSATIVE VEHICLE ACCIDENT

22  3)VIRTUAL CYBER/ SERIOUS HIPPAUNAUTHORIZATION VILOLATIONS

4)MISUSING vs MISHANDLING vs MISREPRESENTING THE HIPPA'S VIOLATION

23  UNCONFIRMED, UNIDENTIFIED AND UNAUTHORIZED DOCUMENTATIONS WITH AN

INTENTION TO DAMAGE PLAINTIFF'S FINANCE LIFETIME DAMAGES, LIFETIME INJURED

24  BODILY DAMAGES

25  5)CAUSE THE DESTRUCTIVE DAMAGES TO LIFETIME FINANCIAL DISABILITY SUFFERING.

26  LIFETIME PERSONAL INJURY DAMAGES, EMOTIONAL DAMAGES. PHYSICAL DAMAGES,

LIFETIME MEDICAL TREATMENT DAMAGES, COSTS, FEES…Also, HARMS TO OTHERS

27  5)THIS COMPLAINT IS MADE TO STOP THEIR WRONG, UNFAIR, ILLEGAL PRIVACY INVASION

PRACTICE, AND PROCEED THEIR DUTIES OF FAIR COMPENSATION PAYMENTS

28  TO PLAINTIFF'S DAMAGES IN THE PAST, CURRENT AND FUTURE NOT FROM SOMETHING ELSE

BUT FOR THE JUSTICE

• (6) Harm to others

For such other and further relief as the Court deems just and proper. Plaintiff health capacities and disabilities can not afford their wrong doing and they have to be responsible for plaintiff health damages of the total damages appraisal.

10th CAUSE OF ACTION

* Economic v. physical harm

* Note that the California Supreme Court concluded that economic harm that causes emotional distress is more reprehensible than mere economic harm.

* Indifference or reckless disregard of health or safety

* Financial vulnerability of the plaintiff: Pattern and practice. Recidivism. Malice, trickery, and

deceit versus "mere" accident, The scale of profitability, Profit motivation

• If this court finds their violations as the above allegation, plaintiff want to seek the damages with punitive damages for car accident injured body pain and suffering : 99,876,675.00

DEMAND FOR JURY TRIAL

Plaintiff respectfully ask this court for a jury trial if this court finds the above allegations construe to seek for all total damages and reevaluation all previous Hippa violation evidence.

Respectfully and faithfully


Hanh Thi My Do

10/20/2020



HANH THI MY DO
324 TANGELO, IRVINE, CA 92618

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
DEPT: HON. JUDGE MARK C SCARSI
350 W 1ST STREET, SUITE 4311
LOS ANGELES, CA 90012